CATHARINE HAROLD, Respondent, *against* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Decided March 13th, 1885).

Plaintiff was employed by a car company in cleaning its cars and preparing them for use on the road of defendant, a railroad company, with which the car company had contracted for the use of the cars, and which had no part in the work of keeping the cars clean and fit for use. She was not hired or paid by the railroad company, and was not subject to the orders or control of its managers. While, in the course of her employment, crossing the tracks of the railroad company, she was struck and injured by one of its cars put suddenly in motion. *Held,* that she might recover damages for such injury from the railroad company, even though the injury was due to negligence of employés of that company; she being the servant of an independent contractor.

In crossing the tracks at the time of the injury, plaintiff acted in obedience to orders of the manager of the car company, and could not have performed her work without crossing the tracks. *Held,* that she was not upon the track as a mere licensee, but by the express permission of the railroad company, to aid in the accomplishment of an object that concerned its business, and that it owed to her the duty to move its cars with the care that a man of common prudence would have taken under the circumstances.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Frank Loomis,* for appellant.

*Edward P. Wilder,* for respondent.

VAN HOESEN, J.—I regret to disturb the verdict in this case—for it seems to me to be a very proper one—but some of the rulings at the trial are not correct, though it is probable that no harm occurred to the defendant in consequence of the errors. I say that the defendant probably suffered

no harm, because I believe that if the law had been laid down in conformity with what I conceive to be the principles that govern cases of this description, the jury would still have found a verdict for the plaintiff.

I think the court erred in holding that the parties occupied the relation of master and servant. The evidence shows that the plaintiff was in the employment of the Wagner Car Company, a concern that appears to be a contractor with the defendant. The plaintiff was not either hired or paid by the defendant, nor was she subject to the orders or control of the defendant's managers. It is true that she was employed to sweep and dust Wagner cars that were used on the defendant's road, but the defendant seems to have had no part in the work of keeping the cars clean and in a condition fit for travelers. The Wagner Company hired the plaintiff to assist in preparing the cars for the use of the defendant. While the cases upon the subject are not all in harmony, the better opinion seems to be that, under the circumstances I have mentioned, the defendant ought not to be regarded as having in its employment the plaintiff as its servant. If this be so, then the servants of the defendant were not co-servants of the plaintiff, and she is not deprived of her right to damages on the ground that the negligence that caused her injuries was the negligence of her fellow-servants. It is not now necessary to review the cases, and I shall content myself with a reference to pages 1040–1044 of Thompson on Negligence, where the author gives it as the result of his examination of the authorities, " that all the definitions of fellow-servants make it essential to the relation that they should be servants of the same master. The employés of an independent contractor would seem not to be, in any proper sense, employés of the proprietor for whom the contractor has engaged to do the work. If therefore, an employé of such a contractor is injured by the negligence of an employé of the proprietor, it would seem that the maxim 'respondeat superior' ought to apply, and that such proprietor should pay dam-

ages" (See *Tanner* v. *Great Eastern R. Co.*, 33 L. T. N. S. 431).

If the plaintiff was not the servant of the defendant, then her right to recover depends somewhat upon the inquiry as to whether she was upon the track as a mere licensee, or whether she was there by the express permission of the defendant, to aid in the accomplishment of an object that concerned the defendant's business. It seems to me that there can be no doubt that the plaintiff had a right to be on the track at the time she was injured. Without crossing the track, she could not have performed the work that she was employed to do, and there can be no doubt that the defendant intended and desired that she should go upon its tracks whenever it was necessary for her to do so. She received orders from Wagner, the manager of the Wagner Car Company, to cross the tracks for the purpose of reaching the cars that were to be cleaned, and she was acting in obedience to those orders when she was run over. The rule is, that " to persons who are lawfully upon the track, engaged in labor, the railroad owes a duty of active vigilance ; " and " that a person employed by a contractor upon the railroad has a right to this protection " (Thompson on Negligence, p. 461).

In quoting the words " active vigilance," I do not mean to say that any extraordinary care was required of the defendant, but simply that it was the duty of the defendant, in moving its cars in the yard, to recognize the fact that there were persons working in the yard by its permission, whose duties called upon them sometimes to cross the tracks. In view of that condition of affairs, it was the duty of the defendant to move the cars with the care that men of common prudence would exercise in doing such work among such surroundings. The small number of persons employed to sweep and clean the Wagner cars, the familiarity of those persons with the mode of managing the work of the yard, the necessities of the business of the defendant, and other considerations that will occur to a reasonable man when he is inquiring into the question of neg-

ligence, must be taken into account in determining what care a reasonable man would use in moving cars in the railroad yard. The fact that the plaintiff was told by Wagner that she must look out for herself when crossing the tracks, and that she must have seen cars "kicked" on many occasions, are considerations that affect the question of contributory negligence. If the plaintiff were not a servant of the defendant, the questions in the case are, first, Did the defendant move the car that occasioned the injury with the care that a man of common prudence would have taken, considering the time, the place, the fog, the people, and their business? and secondly, Did the plaintiff exercise the care of a person of common prudence in crossing the track?

But if she were a servant of the defendant, she ought to have been nonsuited. As a car cleaner, she is in the same situation as a car repairer, and if injured by the negligence of a trainman, she has no claim for redress against her master, inasmuch as the injuries were caused by the negligence of a fellow-servant. The case of *Besel* v. *The New York Central &c. R. R. Co.* (70 N. Y. 171), is an authority directly in point.

After holding that the plaintiff was the servant of the defendant, the judge ought to have dismissed the complaint.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

LARREMORE, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.